## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH HARRIS, | ) | |
| | ) | Civil Action No. 21-167 |
| Petitioner, | ) | |
| | ) | Related to:  Crim. Action No. 13-57 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **MEMORANDUM ORDER**

Petitioner Keith Harris having timely responded to the Court's *Miller* Notice (Doc. 723) requesting that his Motion be ruled upon as filed, pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. 708) filed at Criminal Action No. 13-57 and at Civil Action No. 21-167.  For the reasons stated by the Government in opposition, which are incorporated by reference herein, the Petition will be denied.

**BACKGROUND**

The Court writes exclusively for the parties and therefore sets forth only those facts that are necessary to the disposition of Petitioner's Motion.  The Court adopts the Government's summary of the procedural background of the case.[1]  Response (Doc. 725) at 1-2.

---

[1] Petitioner states in his Reply (Doc. 728) that he does not object to the Government's summary of the procedural background of the case.  Reply at 2.

1

**ANALYSIS**

<u>I. Need for Evidentiary Hearing</u>

The Court need not hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the record conclusively shows that the petitioner is not entitled to relief.  <u>U.S. v. Ritter</u>, 93 F. App'x. 402 (3d Cir. 2004); 28 U.S.C § 2255.  Under this standard, a hearing is unnecessary in this case.

<u>II. Legal Standard</u>

Petitioner moves to vacate his sentence, claiming that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  <u>See</u> 28 U.S.C. § 2255(a).  Such relief is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  <u>United States v. Gordon</u>, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).

Where a petitioner claims a deprivation of his constitutional right to effective counsel, as Petitioner does here, he must show that "(1) counsel's performance was deficient; and (2) counsel's deficient performance caused the petitioner prejudice."  <u>Ross v. District Attorney of the County of Allegheny</u>, 672 F.3d 198, 210 (3d Cir. 2012) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).  "To show deficient performance, 'a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness …. The challenger's burden is to show that counsel made errors so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ross, 672 F.3d at 210 (quoting Harrington v. Richter, 562 U.S. 86, 104 (2011)). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" Hinton v. Alabama, 571 U.S. 273, 274 (2014) (quoting Strickland, 466 U.S. at 690). "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment." Strickland, 466 U.S. at 681. A court "must be highly deferential" in evaluating counsel's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 669. With respect to prejudice, a petitioner must "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Hinton, 571 U.S. at 275 (quoting Strickland, 466 U.S. at 694); see also Ross, 672 F.3d at 210 (quoting Richter, 131 S. Ct. at 787).


III. Petitioner's Ineffective Assistance Claims

 Petitioner requests that the Court vacate his sentence based on claims that his counsel was constitutionally ineffective for a number of reasons, including that at the pre-trial stage, his counsel failed to (1) communicate with him and conduct an adequate pretrial investigation; (2) file substantive pretrial motions; (3) advise him about the consequences of proceeding to trial; and (4) attempt to negotiate a favorable plea agreement for him.

 As the Government notes in its Response, Petitioner's claim that counsel failed to communicate with him is not in accordance with counsel's actions as reflected on the record.

Response at 5.  Petitioner, moreover, gives no specific examples of inadequate communication and investigation, and instead makes sweeping allegations that counsel's conduct did not meet professional standards, that counsel did not "reasonably consult" with him, and that counsel never "developed a real solid defense that could be presented."  Brief in Support of Motion (Doc. 709), hereinafter "Brief," at 15-17.  Petitioner claims that his counsel did not advise him about the consequences of going to trial, states that he "proceeded to trial because his counsel never presented a favorable option to him," and indicates that counsel did not make an effort to negotiate a favorable plea agreement.  Brief at 17-18.  Petitioner also alludes to the fact that more or different pretrial motions should have been filed than the ones his counsel filed, and that Petitioner did not have adequate access to discovery.  Brief at 20-22.

Yet the record clearly reflects that Petitioner's counsel was diligent.  In a pretrial motion for discovery, Petitioner's counsel indicated he had met with counsel for Government to review discovery applicable to Petitioner (see Doc. 322); counsel filed numerous pretrial motions (see Docs. 321-324); and counsel engaged in plea negotiations.[2]  To the extent Petitioner claims he did not have access to discovery, the Court ordered that access to Title III recordings be provided to him at Butler County Jail.  See Doc. 99.  Petitioner indicates that his counsel failed to interview an unnamed witness, which he identifies as "the government's star witness."  Brief at 21.  Failing to interview a witness given the larger context of this case—an 11-day trial in which counsel appears to have amounted a vigorous defense, resulting in the acquittal of one of the charges against Petitioner—does not amount to the kind of alleged error or deficiency that would establish ineffective assistance of counsel.  In addition, during trial, the Court confirmed with

---

[2] Defense counsel twice moved to continue a scheduled change of plea hearing so that he might attempt to obtain a written plea agreement with the government.  See Docs. 307, 312.

counsel in open court that he had shared all plea agreement offers with his client, and the Court confirmed with Petitioner that he had rejected all plea offers in the case.  <u>See</u> Oct. 6, 2015 Trial Tr. (Doc. 558) at 4:3-12.

Petitioner avers that with respect to his sentencing, his counsel failed to (1) review, explain, and discuss the presentence investigation report with Petitioner and file objections; and (2) challenge the sentencing calculations made by the Probation Office and the Court.  Brief at 23.  Contrary to Petitioner's claims, Petitioner's counsel did contest various sentencing calculations, covering each of the points Petitioner raised, discussing them not only on the paper but orally during the Sentencing Hearing, which the Court considered and rejected.  <u>See</u> Sentencing Tr. (Doc. 547); Brief at 24-25.  Petitioner also claims that counsel failure to explain and challenge the amount of drugs attributable to him before the jury.  Brief at 24.  As the Government notes, however, counsel argued that the government could not prove that Harris conspired to distribute more than one kilogram of heroin during trial.  <u>See</u> Oct. 6, 2015 Trial Tr. (Doc. 558) at 203:02–205:18; Response at 5.

Last, the Court gave Petitioner an opportunity to address his counsel's performance at Sentencing and he did not give any indication of dissatisfaction at that point.  <u>See</u> Sentencing Tr. at 7:21-24.  Petitioner now contends that he was given advice to answer that way at Sentencing by his counsel, but nonetheless Petitioner was at the time under oath and obligated to speak truthfully.  <u>See</u> Reply at 3.  Moreover, the Court notes Petitioner's counsel continued to represent him on direct appeal, which belies his current claims.  <u>See</u> Response at 4.  The Court does not find that Petitioner's counsel committed error, and even if he had, Petitioner must show prejudice—meaning that but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.  <u>Hinton</u>, 571 U.S. at 275 (quoting <u>Strickland</u>, 466

U.S. at 694); see also Ross, 672 F.3d at 210 (quoting Richter, 131 S. Ct. at 787).  Petitioner fails

to show that here.

 None of Petitioner's arguments on the merits are convincing, and the Petition (Doc. 708)

is DENIED.  No certificate of appealability will issue because jurists of reason would not find

the Court's conclusions debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

 IT IS SO ORDERED.


September 23, 2021          s\Cathy Bissoon     
                Cathy Bissoon
                United States District Judge


cc (via First-Class U.S. Mail):

Keith Harris, Petitioner
Inmate Number 34032-068
FCI Loretto
P.O. BOX 1000
Cresson, PA 16630

cc (via ECF email notification):

All Counsel of Record